# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:13-cv-00231-MR
### [CRIMINAL CASE NO. 1:07-cr-00033-MR-6]

| | | |
|---|---|---|
| CURTIS JEROME LYTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

## FACTUAL BACKGROUND

On December 8, 2010, Petitioner pled guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Criminal Case No. 1:07-cr-00033-MR-6, Doc. 382: Acceptance and Entry of Guilty Plea]. On July 6, 2011, this Court sentenced Petitioner to 144 months of imprisonment. [Id., Doc. 393: Judgment]. Petitioner appealed, and on February 2, 2012, the Fourth Circuit Court of Appeals affirmed and in an unpublished decision dismissed

the appeal in part.  <u>United States v. Lytle</u>, 463 F. App'x 196 (4th Cir. 2012).

The Fourth Circuit's mandate issued on February 24, 2012.  [<u>See</u> Criminal

Case No. 1:07cr33-6, Doc. 432: Mandate].  Petitioner did not file a motion

for writ of certiorari with the Supreme Court.

By letter dated January 21, 2013, Petitioner filed a motion to extend

the time to file a Section 2255 petition in this Court, which motion this Court

denied on March 5, 2013.  [<u>Id.</u>, Docs. 472, 473].  The Court noted in the

Order that the motion was moot because Petitioner's conviction became

final on May 25, 2012,[1] and the one-year limitations period for filing the

petition had not yet run.  As such, Petitioner was directly informed by the

Court of the deadline for filing a §2255 petition.  Petitioner, however, did not

file before that deadline.  On August 8, 2013, Petitioner placed the Section

2255 petition in the prison system for mailing, and the petition was stamp-

filed in this Court on August 16, 2013.  [<u>See</u> Doc. 1 at 13].  Petitioner

asserts numerous claims of ineffective assistance of trial and appellate

counsel.

**STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255

---

[1] The one-year period began to run when Petitioner's deadline for filing a petition for certiorari with the United States Supreme Court expired without the Petitioner having filed such petition.

Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  After having considered the record in this matter, the Court finds that no response is necessary from the United States.  Further, the Court finds that this matter can be resolved without an evidentiary hearing.  <u>See Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims

3

presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the Fourth Circuit's mandate issued on February 24, 2012. [See Criminal Case No. 1:07cr00033-6, Doc. 432: Mandate]. Petitioner did not file a motion for writ of certiorari with the Supreme Court. Thus, Petitioner's conviction became final 90 days after February 24, 2012. See Clay v. United States, 537 U.S. 522, 525 (2003) (holding that state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety days following the decision of the state's highest court). Petitioner did not file his Section 2255 motion to vacate until August 8, 2013. Thus, the petition is untimely.

In Section 18 of the petition regarding timeliness, Petitioner asserts that equitable tolling is appropriate because he did not receive his case files from his attorney until December 2012. Petitioner contends that "[b]ut for appellate counsel's extreme delay, I did not have equitable opportunity to submit the best possible case." [Doc. 1 at 20]. Petitioner further states that "[a]fter reviewing all of the material appellate counsel sent I realized I do not have the legal expertise needed to pursue an effective 2255 motion. This was also detrimental to my motion because it did not allow me enough

time to explore different options to seek legal counsel, not to mention the

possible repercussions of a timely issue." [Id.].[2]

To be entitled to equitable tolling, Petitioner must show (1) that he

has diligently pursued his rights and (2) that some extraordinary

circumstance prevented the timely filing. United States v. Oriakhi, 394 F.

App'x 976, 977 (4th Cir. 2010). Petitioner has not provided sufficient

grounds for equitable tolling. As noted, on January 21, 2013, Petitioner

filed a motion for an extension of time to file his petition, believing that the

deadline for filing the petition was February 1, 2013. [See Criminal Case

No. 1:07cr33-6, Doc. 472]. In its Order denying the motion as moot, this

Court stated that the statute of limitations had not run, as Petitioner's

conviction did not become final until May 25, 2012. [See id., Doc. 473].

Petitioner did not file the instant petition until August 8, 2013. Therefore,

Petitioner had not shown that he was diligent in filing the petition, nor has

he shown that extraordinary circumstances prevented timely filing of the

petition. That is, even assuming that counsel did not send Petitioner his

case files until December 2012, Petitioner waited more than eight months

---

[2] Based on Petitioner's discussion of timeliness, the Court finds that the rule articulated in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), has been satisfied. In Hill, the Fourth Circuit found that district courts are required to advise a *pro se* petitioner that his habeas motion or petition is subject to dismissal as time-barred under the AEDPA, and to give petitioner an opportunity to explain his delay before entering a *sua sponte* dismissal of the case. Id. at 706.

to file his petition.  Accord Williams v. Clark, No. CV-07-1582-AHM (PLA), 2008 WL 474343, at \*5 (C.D. Cal. Jan. 3, 2008) ("To the extent that petitioner is claiming that he is entitled to equitable tolling based on the failure of either his trial counsel or his appellate counsel to provide him with his files and records, petitioner's allegations do not warrant equitable tolling.").  In sum, Petitioner has not shown that equitable tolling is appropriate in this case.  Accordingly, the Court will dismiss the petition as untimely.

Finally, the Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing

Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

<u>O R D E R</u>

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE** as untimely. The Clerk is directed to terminate the case.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 7, 2013

Martin Reidinger
United States District Judge